CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
440 N. First Street, Suite 100
San Jose, California 95112
(408) 295-9555

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 03-56788-ASW |
| | ) | |
| TELEPATH CORPORATION, | ) | CHAPTER 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## **PLAN OF REORGANIZATION**

This PLAN OF REORGANIZATION ("Plan") is proposed by TELEPATH CORPORATION, the debtor herein ("Debtor"), for the resolution of Debtor's outstanding creditor claims. This Plan is Debtor's proposed contract with its creditors. Debtor is seeking its creditors' approval and the Court's permission to implement this Plan. Reference is made to the accompanying Disclosure Statement for a discussion of the history, business, results of operations, properties, and for a summary and analysis of this Plan. All creditors are encouraged to consult the accompanying Disclosure Statement before voting to accept or reject this Plan.

/////

# I. DEFINITIONS

The following terms shall have the respective meanings hereinafter set forth:

1. <u>DEBTOR</u>. Telepath Corporation, the Debtor and Debtor-in-Possession in this reorganization case filed on October 20, 2003, under Chapter 11 of the Bankruptcy Code and pending in the U. S. Bankruptcy Court.

2. <u>THE COURT</u>. The United States Bankruptcy Court for the Northern District of California having jurisdiction over this Chapter 11 case.

3. <u>THE PLAN</u>. This Chapter 11 Plan and any subsequent amendments or modifications thereto in accordance with the provisions of the United States Bankruptcy Code.

4. <u>THE CODE</u>. Title 11, United States Code and any amendments thereto.

5. <u>CONFIRMATION DATE</u>. The date when the Confirmation Order is entered.

6. <u>EFFECTIVE DATE</u>. A date to be determined in the Debtor's discretion, but not to exceed forty-five (45) days after the Confirmation Date or such other date as may be set by the Court at the hearing on confirmation of the Plan.

7. <u>ALLOWED CLAIM</u>. Any claim against Debtors to the extent that (a) a proof of claim was timely filed or deemed filed under applicable law or by reason of an order of the Bankruptcy Court and (b) Debtors or any other party in interest entitled to do so does not file an objection within a time fixed by the Bankruptcy Court or the claim is allowed by a Final Order or the claim or interest is allowed under this Plan.

8. <u>FINAL ORDER</u>. Any Order of the Bankruptcy Court as to which any appeal that has been, or may be, taken has been resolved or as to which the time for appeal has expired.

Any term used in this Plan which is not defined in this Plan, but is used in the Bankruptcy Code, has the meaning that is assigned to that term in the Bankruptcy Code.

# II. DESIGNATION OF CLASSES OF CLAIMS

The following classification designates classes of claims; however, administrative claims and priority tax claims of the kinds specified in Bankruptcy Code §507(a)(1) and §507(a)(7) have not been classified in accordance with Bankruptcy Code §1123(a)(1). A claim is classified in a particular class only to the extent that it qualifies under the description of that class and if any remainder qualifies in a different class, that remainder will be treated in that different class. Further, a claim is in a particular class only to the extent that the claim is an Allowed Claim.

    A.    ALLOWED SECURED/ADMINISTRATION CLAIMS.

        CLASS 1a: The allowed (un)secured claim of Les Ettinger (Note Claim).

        CLASS 1b: The allowed administration claim of Les Ettinger (Rent Claim).

        CLASS 1c: The allowed administration claim of Les Ettinger (Loan Claim).

    B.    ALLOWED PRIORITY UNSECURED CLAIMS.

        CLASS 2a: Any allowed wage, employee benefit, and consumer deposit claims having priority in Bankruptcy Code §507(a)(3), §507(a)(4) and §507(a)(5).

        CLASS 2b: Any allowed tax claims.

    C.    ALLOWED GENERAL UNSECURED CLAIMS.

        CLASS 3a: Class 3a consists of all allowed unsecured claims, other than those with are entitled to priority (Class 2), the Administrative Convenience Claims (Class 3b), and the Motorola claim (Class 3c).

        CLASS 3b: Class 3b consists of any Administrative Convenience Claims.

        CLASS 3c: Class 3c consists of any allowed Motorola claim.

    D.    ALLOWED EQUITY INTEREST.

        CLASS 4: Class 4 consists of the equity interest of Debtor.

**III. SPECIFICATION OF TREATMENT OF UNCLASSIFIED CLAIMS**

A. ADMINISTRATIVE CLAIMS. Each holder of an allowed claim for administrative costs and expenses of the kind specified in Bankruptcy Code §507(a)(1) and §507(b) shall receive on account of such claims cash equal to the allowed amount of such claims, unless such holders shall have agreed to less favorable treatment of such claims. Payment on account of a claim of a kind described in the Bankruptcy Code §507(a)(1) and §507(b) shall be distributed on the latest of the following dates: (1) the Effective Date, or (2) within 30 days after the Final Order allowing the claim becomes final, if the claim is allowed after the Effective Date.

B. PRIORITY TAX CLAIMS. Each holder of an allowed priority claim for taxes of the kinds specified in Bankruptcy Code §507(a)(7) shall receive on account of such claim, over a period not exceeding six years from their assessment date, deferred cash payments of a value as of the Effective Date equal to the allowed amount of such claim unless such holder shall have agreed to a less favorable treatment of such claim. Unless otherwise agreed by Debtors and taxing agency, payments shall be made in equal quarterly installments commencing on the last day of the first full calendar quarter after the Effective Date, with interest as regularly set.

## IV. SPECIFICATION OF CLASSES OF CLAIMS NOT IMPAIRED UNDER THIS PLAN AND THE TREATMENT THEREOF

A. CLASS 3c: Motorola. Class 3c is not impaired under this Plan. The Class 3c claimant shall be paid its regular recurring obligations under its existing credit facility.

## V. SPECIFICATION OF TREATMENT OF IMPAIRED CLASSES OF CLAIMS

A. CLASS 1a: Les Ettinger Note Claim. Class 1a is impaired under this Plan. The Class 1a claim will be reduced to $500,000, which sum will be secured by a blanket security interest in all Telepath assets; any payments on such obligation may only be made if Telepath is current on all distributions required to all Class 2 and Class 3 creditors. In addition, Les Ettinger shall receive 1,200,000 new shares of Reorganized Telepath on the Effective Date; no dividend

may be distributed on account of such new shares until all Class 2 and Class 3 creditors are paid in full under the provisions of the confirmed Plan.

    B.  <u>CLASS 1b: Les Ettinger Rent Claim</u>.  Class 1b is impaired under this Plan. The Class 1b claim is a Chapter 11 administrative claim which Les Ettinger has consented to allow to be paid over time pursuant to the Plan Payment Schedule set forth in Exhibit 2.  The payment of this claim may be accelerated so long as Telepath is current on all distributions required to all Class 2 and Class 3 creditors and Telepath reasonably determines that its finances so permit.

    C.  <u>CLASS 1c: Les Ettinger Loan Claim</u>.  Class 1c is impaired under this Plan. The Class 1c claim is a Chapter 11 administrative claim which Les Ettinger has consented to allow to be paid over time pursuant to the Plan Payment Schedule set forth in Exhibit 2.  The payment of this claim may be accelerated so long as Telepath is current on all distributions required to all Class 2 and Class 3 creditors and Telepath reasonably determines that its finances so permit.

    D.  <u>CLASS 3a: General Unsecured Claims</u>.  Claims in Class 3a are impaired under the Plan.  Each Class 3a claimant will receive a series of payments totaling 25% of its allowed claim, paid over a period of 4 years, as follows: On the first full calendar month after the Effective Date of the Plan, Telepath will commence to make monthly payments of $2,300 into an account for the benefit of Class 3a creditors; promptly after the end of each full calendar quarter, the debtor will make a pro rata distribution from such impounded funds to all Class 3a creditors, continuing until each creditor has been paid 25% of its allowed claim.  Should a Class 3a claim be objected to by Debtor or any other party in interest with standing to object, the amount of money which would otherwise have been paid to such claimant will be retained by Debtor in the impound account until the Bankruptcy Court makes a final determination of allowability of such

claim.

E. CLASS 3b: Administrative Convenience Claims. Claims in Class 3b are impaired under the Plan. Each Class 3b claimant will receive a single payment totaling 20% of its allowed claim, paid on the Effective Date of the Plan. Should a Class 3b claim be objected to by Debtor or any other party in interest with standing to object, the amount of money which would otherwise have been paid to such claimant will be retained by Debtor in the impound account until the Bankruptcy Court makes a final determination of allowability of such claim.

F. CLASS 4: Debtor's Equity Interests. Class 4 is impaired under this Plan. All current Telepath shares will be cancelled under this Plan as of its Effective Date.

## VI. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As of the Effective Date, Debtor assumes each executory contract and unexpired lease, if any, listed on the attached List of Assumed Contracts which is marked as Exhibit A and incorporated by reference herein. All cure payments which may be required by Bankruptcy Code §365(b)(1) shall be made by Debtor on the Effective Date or as soon as practical thereafter. In the event of a dispute regarding the amount of any cure payments or the ability of debtors to provide adequate assurance of future performance, Debtor will make cure payments following the entry of a Final Order resolving such dispute. As of the Effective Date, Debtor reject all other executory contracts and unexpired leases to which Debtors may be or may have been a party, unless such executory contracts or unexpired leases were previously assumed by express Order of the Bankruptcy Court during this Chapter 11 case. Any allowed claims for damages arising from a rejection of executory contracts and leases not previously rejected must be filed within 30 days after Confirmation, and all such claims shall be classified as Class 3a claims.

## VII. REVIEW OF CLAIMS

Debtor and its counsel shall review all claims filed by creditors in any class, or claims

which are deemed filed pursuant to the provisions of Bankruptcy Code §1111(a) and may object to any claims. Debtor will file objections, and notice hearings thereon, within 90 days of the Confirmation Date with respect to claims scheduled or docketed by the Court as of such date, and shall file its objections within 10 days of being notified of subsequently-filed claims.

## VIII.  MEANS FOR THE PLAN'S EXECUTION

The funds to implement the Plan will be derived from Telepath's business operations.

Debtor or its counsel, at Debtor's election, will act as disbursing agent under this Plan, without bond. The funds to be distributed under the Plan shall be under management and control of the disbursing agent. At each of the anticipated funds distribution events, the disbursing agent shall calculate the distribution due to the holders of allowed claims, shall round all amounts for distributions to the nearest whole dollar amount, and shall forward such funds distributions to the last known address of the claimant. Unclaimed property will be placed in the disbursing agent's separate blocked account for benefit of the holders of allowed claims entitled thereto under the terms of the Plan. Unclaimed property shall be held solely for the benefit of the holders of allowed claims that have failed to claim such property. Upon presentation of proper proof by a claimant of entitlement to unclaimed property, unclaimed property due to the claimant shall be released and paid to such claimant. Notwithstanding the foregoing, six months after a distribution becomes unclaimed property, claimants cease to be entitled to unclaimed property in which they had an interest and such unclaimed property shall become Debtor's property.

Except as provided in the Confirmation Order, on the Effective Date, Debtor is vested with all of the property of the Estate free and clear of all claims, liens, charges and other interests of creditors arising prior to the Petition date, and will continue to manage its affairs, and may obtain credit, incur debt, grant security interests and liens, and acquire and dispose of assets. Debtor shall be free of any restriction imposed by the Bankruptcy Court, the Bankruptcy Code,

| | |
|---|---|
| 1 | Debtor shall be free of any restriction imposed by the Bankruptcy Court, the Bankruptcy Code, |
| 2 | the Bankruptcy Rules or the Local Rules, other than the obligations set forth in this Plan. |

### IX. POST-CONFIRMATION JURISDICTION

Following Confirmation, the Bankruptcy Court shall retain such jurisdiction as is legally permissible after Confirmation. Without in any manner limiting the scope of the foregoing, the Bankruptcy Court shall retain jurisdiction for the following purposes, as well as such other jurisdiction as is legally permissible: (1) Determination of allowability of claims upon objection to such claims by the Debtor or by other parties in interest; (2) Determination of requests for payments of administrative expenses, including compensation of professional persons for services rendered both before and after the Effective Date; (3) Resolution of any dispute regarding the interpretation of this Plan; (4) Enforcement and implementation of the provisions of this Plan and entry of orders in aid of consummation of this Plan, including enforcement of terms of any promissory notes issued under the Plan, notwithstanding entry of a Final Decree in this case; (5) Modification of this Plan under Bankruptcy Code §1127; and (6) Entry of a Final Decree.

### XI. CONFIRMATION REQUESTS

Debtor, as proponent of this Plan, hereby request confirmation of this Plan pursuant to Bankruptcy Code §1129(b), if necessary, with respect to any objecting class(es).

DATED: January 10, 2009        TELEPATH CORPORATION

By _____
Aaron Ettinger, President