CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
440 N. First Street, Suite 100
San Jose, California 95112
(408) 295-9555

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 03-56788-ASW
                                      )
    TELEPATH CORPORATION,    ) CHAPTER 11
                                      )
                                      ) Date: April 24, 2009
                Debtor.  ) Time: 1:15 p.m.
                                      ) Court: Hon. Arthur S. Weissbrodt
_____)       280 S. First Street, Courtroom 3020
       San Jose, CA 95112

## FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR

The Application of Campeau Goodsell Smith ("Applicant") respectfully represents:

Applicant is a professional corporation, each of whose attorneys is duly licensed and admitted to practice before the above-entitled court, and serve as attorneys for the debtor herein, having been so retained upon order of this court dated December 12, 2008. As such attorneys, Applicant has performed various legal services, particulars of which are hereinafter set forth:

# CASE ADMINISTRATION ("ADM")

Debtor Telepath filed a Voluntary Petition under the provisions of Chapter 11 of the Bankruptcy Code on October 20, 2003. Debtor was represented by the Law Office of Charles Logan from petition filing to December 2008; however, attorney Logan died in September 2008, and his practice ceased and was closed, which left Debtor without current counsel.

In/about April 2005, attorney Scott Goodsell of Campeau Goodsell Smith ("CGS") was contacted by Applicant's founder and largest creditor Les Ettinger ("Les"). Les sought CGS assistance in obtaining Court approval for a post-Petition loan advanced to Telepath; after some efforts in responding to the Ajlouny creditors' objections, and with the complete support of the Debtor, the loan was approved by the Court. Thereafter, Les sought CGS assistance in negotiating his part of a multi-party settlement with the Ajlouny creditors; after some efforts and with a complete commonality of interest with the Debtor, the settlement was approved by the Court, and Telepath has since paid the settlement in full. Finally, Les sought CGS help in negotiating treatment of his claim in Telepath's bankruptcy case for reorganization plan purposes; the parties agreed to such treatment about 2 years ago and Les has been awaiting review of Telepath's draft reorganization plan to assist in its confirmation.

In/about September 2008, Debtor sought to employ CGS as replacement counsel for attorney Logan's office. CGS consulted with its former client Les and with the UST Office to obtain their consent to CGS engagement. Upon receiving such consent, CGS prepared and filed a noticed motion seeking the Court's permission to be engaged as Debtor's bankruptcy counsel. On December 12, 2008, after such noticed hearing, the Court authorized CGS employment.

Applicant CGS has thereafter conferred regularly with the debtors' principals, the U.S. Trustee, and the Bankruptcy Clerk's office concerning matters in this Chapter 11 case. Applicant has communicated with creditors on various issues arising in this case.

One particular issue undertaken by Applicant was enforcement of a joint settlement agreement that had been executed and approved by this Court several years earlier in connection with the Ajlouny/Union Bank claims dispute, the Timeslot Trunking bankruptcy case and Aaron Ettinger's personal Chapter 13 bankruptcy case. Although the Ajlounys and Union Bank had been paid as agreed under the compromise agreement, Union Bank has refused to reconvey its interest in a three-party UCC lien established under the compromise agreement. Aaron had been unable to persuade Union Bank's counsel to act, and he had been unable to persuade attorney Logan's office to take any action to force Union Bank's compliance. Applicant CGS made various efforts to persuade Union Bank's counsel to act, and when those efforts were unavailing, CGS filed a Motion to Enforce Compromise on Debtor's behalf. Within several days of CGS filing the Motion (and before any hearing on the Motion), Union Bank tendered the lien release, and CGS removed the Motion from the Court's calendar.

In connection with the foregoing, Applicant has expended 46.6 hours, at a cost to the estate of $15,582.50.

## PLAN OF REORGANIZATION ("POG")

From the outset of CGS engagement by Debtor, Applicant and Debtor's principals have been focused on preparing and confirming a reorganization plan. Thus, within days after Court approval for CGS engagement, Applicant commenced work preparing a reorganization plan, including reviewing Debtor's historical operating results and re-drafting an uncirculated draft disclosure statement that had been initiated by attorney Logan's office.

In early January 2009, Applicant finalized and filed Debtor's proposed plan of reorganization and disclosure statement. Applicant sent notices of the disclosure statement hearing to all creditors, and conferred with various creditors and/or their counsel regarding the Debtor's plan of reorganization. In February 2009, Applicant prepared for and attended a single

Court hearing on Debtor's disclosure statement, which was approved with minor changes. Applicant immediately sent out a Notice, ballots, the Amended Disclosure Statement and Plan to Debtor's creditors. In March 2009, Applicant assembled the collected ballots, prepared a ballot summary and related confirmation pleadings, and prepared for and attended a single Court hearing on confirmation of Debtor's Plan, which confirmation was approved.

In connection with the foregoing, Applicant has expended 66.6 hours, at a cost to the estate of $25,797.50.

## FEE APPLICATION ("FEE")

Following confirmation of Debtor's Plan, Applicant has prepared this final fee application, with 7.4 hours billed, at a cost to the estate of $3,145.00.

## CONCLUSION

In the course of representation in these matters from October 2008 through March 2009, Applicant has devoted approximately 120 hours of professional services, as indicated on Applicant's Project Billing Statement, which is attached as Exhibit A. The Statement identifies the individuals who have performed specific services and is summarized as follows:

| | | |
|---|---|---|
| Scott L. Goodsell (SLG) | 92.40 | $ 425.00/hr. |
| Scott L. Goodsell (SLG) | 15.40 | No Charge |
| William J. Healy (WJH) | 13.80 | $ 350.00/hr. |

In view of the time expended and the responsibilities assumed, Applicant respectfully submits that the reasonable value of its services hereinabove set forth is $44,525.00.

Applicant has also expended the sum of $594.49 for filing fees and postage as follows:

| | | |
|---|---|---|
| Photocopy Charges | $ | 220.00 |
| Postage Charges | | 363.49 |
| Filing Fees (Union Bank lien release) | | 10.00 |

All requests for reimbursement follow the Guidelines for Compensation of Professionals.

Applicant believes that the services so rendered and costs so incurred herein were necessary and that the fees and costs requested constitute reasonable and necessary fees expended on behalf of the estate. Pursuant to Court order authorizing CGS employment, CGS is permitted to receive a retainer in the amount of $20,000.00; of that authorized retainer sum, CGS has in fact received only $11,750.00 at this time from the debtor in connection with the Chapter 11 case. No part of the monies previously received by Applicant has been shared with any person, and no agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with this case, except with the members and associates of Applicant's law firm.

WHEREFORE, Applicant prays that this court enter its order (i) approving as final compensation those Chapter 11 attorneys' fees incurred and costs expended by Applicant from October 2008 through March 2009 as further set forth above; (ii) authorizing the debtor to pay to this Applicant the sum of $45,119.49 for services rendered and costs expended but not yet compensated by the debtor as set forth in this Application, and (iii) for such further relief as this court deems just and proper.

DATED: April 3, 2009                CAMPEAU GOODSELL SMITH


                                    By ___/s/ Scott L. Goodsell___
                                       Scott L. Goodsell
                                       Attorneys for Debtor

## CERTIFICATION ON FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR DEBTOR

I, Scott L. Goodsell, say:

1. I am a principal with the law firm of Campeau Goodsell Smith, attorneys of record for the debtor herein. I make this declaration in support of the said law firm's application for interim compensation and reimbursement of expenses as attorneys for the debtor in this Chapter 11 case. If called as a witness, I would competently testify as follows:

2. In accordance with the Court order authorizing CGS employment, CGS is permitted to receive a retainer in the amount of $20,000.00; of that authorized retainer sum, CGS has in fact received only $11,750.00 at this time from the debtor in connection with the Chapter 11 case. Applicant has received no other monies from debtor.

3. No part of the monies previously received by Applicant has been shared with any person, and no agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with this case, except with the members and associates of Applicant's law firm.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on April 3, 2009.

/s/ Scott L. Goodsell
Scott L. Goodsell

## CASE ADMINISTRATION

| DATE | EMP | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 8/8/2008 | SLG | Review Les/Aaron Ettinger emails to attorney Luce re status of Telepath reorganization plan efforts (6) | 0.6 | No Charge |
| 9/11/2008 | SLG | Telephone conference(s) with L. Ettinger re CGS replacing attorney Logan as Telepath counsel | 0.5 | No Charge |
| 9/17/2008 | SLG | Review email from A. Ettinger re attorney Logan death and on-line public records research for confirmation | 0.3 | No Charge |
| 9/30/2008 | SLG | Draft emails to/from A. Ettinger re possible CGS engagement for Telepath confirmation of plan of | 0.3 | No Charge |
| 10/1/2008 | SLG | Draft emails to/from A. Ettinger re possible CGS engagement for Telepath confirmation of plan of reorganization (4) | 0.4 | No Charge |
| 10/2/2008 | SLG | Conference with A. Ettinger re attention to strategy and planning re CGS engagement for Telepath confirmation of plan of reorganization, including status of pending matters and case history issues | 2.0 | $850.00 |
| 10/17/2008 | SLG | Review email from L. Ettinger re possible CGS engagement for Telepath confirmation of plan of reorganization | 0.2 | $85.00 |
| 10/21/2008 | SLG | Telephone conference(s) with L. Ettinger re CGS substitution of attorney(s) in place of attorney Logan office | 0.3 | $127.50 |
| 10/29/2008 | SLG | Review emails from attorney Seid re substitution of attorney(s) for attorney Logan office for Telepath case (2) | 0.4 | $170.00 |
| 10/30/2008 | SLG | Telephone conference(s) with UST Dumas re CGS substitution of attorney(s) for attorney Logan office for Telepath case | 0.4 | $170.00 |
| 10/31/2008 | SLG | Draft emails to/from attorney Seid re obtaining Telepath client file from attorney Logan office | 0.4 | $170.00 |
| 10/31/2008 | SLG | Telephone conference(s) with UST Dumas re okay for CGS substitution of attorney(s) for attorney Logan office for Telepath case | 0.2 | $85.00 |
| 11/3/2008 | SLG | Review e-mails from attorney Seid to accountant Siress re CGS substitution of attorney(s) for attorney Logan office (3) | 0.3 | No Charge |
| 11/5/2008 | SLG | Travel to and from attorney Logan office to obtain Telepath client files, and conference with attorney Seid re her refusal to turnover same | 2.0 | $850.00 |
| 11/5/2008 | SLG | Telephone conference(s) with A. Ettinger re same | 0.3 | $127.50 |
| 11/5/2008 | SLG | Conference with GJC re possible motion to compel turnover and sanctions to obtain Telepath client files from attorney Logan office | 0.8 | No Charge |
| 11/5/2008 | SLG | Draft e-mails to/from accountant Siress re CGS employment status | 0.3 | $127.50 |
| 11/7/2008 | SLG | Telephone conference(s) with A. Ettinger re attorney Seid refusing to turnover Telepath files from attorney Logan office | 0.6 | $255.00 |
| 11/10/2008 | SLG | Telephone conference(s) with attorney Adelman re Bankruptcy Court approval for Microvoice litigation | 0.3 | No Charge |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/10/2008 | SLG | Telephone conference(s) with Aaron/Les Ettinger re obtaining Telepath client files from attorney Logan office | 0.4 | $170.00 |
| 11/12/2008 | SLG | Review correspondence from L. Ettinger re Telepath tax issues | 0.3 | $127.50 |
| 11/12/2008 | SLG | Draft application and notice for Bankruptcy Court hearing on CGS employment, and draft CGS engagement letter. | 1.7 | $722.50 |
| 11/19/2008 | SLG | Draft email to A. Ettinger re obtaining Telepath client files from attorney Logan office | 0.2 | $85.00 |
| 11/21/2008 | SLG | Finalize notice of Bankruptcy Court hearing on CGS employment | 1.0 | $425.00 |
| 11/24/2008 | SLG | Draft emails to/from client and attorney Seid re her refusal to tUrnover Telepath client files from attorney Logan office (8) | 0.8 | $340.00 |
| 11/25/2008 | SLG | Draft emails to/from client and attorney Seid re her refusal to turnover Telepath client files from attorney Logan office (4) | 0.4 | $170.00 |
| 11/26/2008 | SLG | Review emails to/from client and attorney Seid re her refusal to turnover Telepath client files from attorney Logan office without Telepath signing substitution of attorney(s) | 0.3 | $127.50 |
| 12/1/2008 | SLG | Telephone conference(s) with client regarding attorney Seid refusal to turnover Telepath client files from attorney Logan office unless Telepath signs substitution of attorney(s) | 0.4 | $170.00 |
| 12/1/2008 | SLG | Telephone conference(s) with attorney Seid re same | 0.3 | $127.50 |
| 12/1/2008 | SLG | Conference with client to discuss turnover of attorney Logan office files attorney Logan office files for draft plan of reorganization | 0.3 | $127.50 |
| 12/9/2008 | SLG | Review correspondence from accountant Siress with fee application time entries | 1.4 | No Charge |
| 12/11/2008 | SLG | Telephone call(s) from UST Dumas re no objection to employ CGS as debtor counsel | 0.2 | $85.00 |
| 12/11/2008 | SLG | Prepare for and attend Bankruptcy Court hearing on debtor motion to employ CGS as debtor counsel | 1.7 | $722.50 |
| 12/12/2008 | SLG | Telephone call(s) from attorney Seid re additional attorney Logan files found | 0.2 | No Charge |
| 12/12/2008 | SLG | Telephone call(s) from accountant Siress re filing fee application | 0.2 | No Charge |
| 12/15/2008 | SLG | Review email from accountant Siress re her fee application | 0.2 | No Charge |
| 12/15/2008 | SLG | Attention to strategy and planning re open items for Chapter 11 case | 0.5 | $212.50 |
| 12/17/2008 | SLG | Review e-mail from accountant Siress re her monthly operating report(s) analysis | 0.4 | $170.00 |
| 12/18/2008 | SLG | Review email from client re enforcing settlement agreement with Union Bank releasing lien | 0.3 | $127.50 |
| 12/18/2008 | SLG | Conference with WJH re same | 0.3 | $127.50 |
| 12/19/2008 | WJH | Review emails to/from client and SLG re Union Bank UCC issue, and telephone conference(s) with client regarding | 0.3 | $105.00 |
| 12/22/2008 | WJH | Conference with SLG re potential debtor motion to enforce compromise agreement | 0.3 | $105.00 |
| 12/22/2008 | WJH | Review emails from client and attorney Serlin re disputed Union Bank payment and UCC lien release, including compromise agreement | 0.3 | $105.00 |
| 12/22/2008 | WJH | Telephone conference(s) with client regarding same | 0.2 | $70.00 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 12/22/2008 | WJH | On-line public records research for recorded Union Bank UCC lien | 0.2 | $70.00 |
| 12/22/2008 | WJH | Review and analysis of client document production from three bankruptcy cases re Union Bank claims, Ettinger Chapter 13 plan, compromise agreements and attachments, and related motions to prepare debtor motion to enforce compromise agreement with Union Bank | 2.0 | $700.00 |
| 12/22/2008 | SLG | Telephone call(s) from accountant Siress re filing her interim fee application | 0.2 | No Charge |
| 12/22/2008 | SLG | Conference with WJH re attention to strategy and planning re motion to enforce Union Bank settlement agreement | 0.4 | $170.00 |
| 12/23/2008 | WJH | Further review and analysis of on-line PACER research for various bankruptcy cases, together with client correspondence, about compromise agreement, including draft letter to attorney Serlin re Union Bank wrongful refusal to release joint UCC lien | 2.5 | $875.00 |
| 12/23/2008 | WJH | Draft emails to/from client re filing debtor motion to enforce compromise agreement | 0.2 | $70.00 |
| 12/24/2008 | WJH | Draft debtor motion to enforce Union Bank compromise agreement, and draft emails to/from client re same | 2.5 | $875.00 |
| 12/26/2008 | WJH | Further on-line public records research for recorded Union Bank UCC lien to obtain copies of same and termination notice | 0.5 | $175.00 |
| 12/26/2008 | WJH | Further review and analysis of joint security agreement re Union Bank UCC lien | 0.6 | $210.00 |
| 12/26/2008 | WJH | Draft emails to client re Union Bank UCC issues | 0.5 | $175.00 |
| 12/30/2008 | SLG | Telephone call(s) from accountant Siress office re filing her fee application | 0.2 | No Charge |
| 1/4/2009 | SLG | Telephone call(s) from accountant Siress re filing her fee application | 0.2 | No Charge |
| 1/6/2009 | SLG | Draft emails to/from accountant Siress re fee application (3) | 0.4 | No Charge |
| 1/6/2009 | WJH | Conference with client re filing motion to enforce compromise agreement, including joint telephone conference(s) with client and attorney Serlin re Union Bank failure to release joint UCC lien despite payment of Union Bank agreed claim | 1.5 | $525.00 |
| 1/7/2009 | SLG | Draft email to client re same | 0.2 | $85.00 |
| 1/8/2009 | SLG | Review email from accountant Siress re fee application (3) | 0.4 | No Charge |
| 1/8/2009 | SLG | Draft email to accountant Siress re same, directing that A. Ettinger approve billings before CGS will file any professional applications | 0.8 | $340.00 |
| 1/8/2009 | SLG | Review email from client re same | 0.2 | No Charge |
| 1/8/2009 | SLG | Review faxed document production from accountant Cardenas re prior approved Siress fee applications | 1.4 | $595.00 |
| 1/13/2009 | SLG | Draft Bankruptcy Court status conference statement | 0.4 | No Charge |
| 1/20/2009 | SLG | Conference with WJH re attention to strategy and planning re filing debtor motion to enforce Union Bank settlement agreement | 0.4 | $170.00 |
| 1/20/2009 | SLG | Prepare for and attend Bankruptcy Court status conference hearing | 1.0 | $425.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 1/20/2009 | WJH | Conference with SLG re filing motion to enforce Union Bank settlement agreement | 0.4 | $140.00 |
| 1/20/2009 | WJH | Finalize motion to enforce Union Bank settlement agreement and to compel release of UCC lien | 1.0 | $350.00 |
| 1/21/2009 | WJH | Telephone conference(s) with client regarding same | 0.2 | $70.00 |
| 1/23/2009 | SLG | Conference with WJH re attention to strategy and planning re motion to enforce Union Bank settlement agreement | 0.4 | $170.00 |
| 2/11/2009 | WJH | Review correspondence from attorney Serlin with Union Bank UCC lien release | 0.3 | $105.00 |
| 2/11/2009 | WJH | Telephone conference(s) with client regarding same | 0.3 | $105.00 |
| 2/12/2009 | SLG | Draft emails to/from client and attorney Hagan re Pennsylvania collections claim (3) | 0.3 | $127.50 |
| 2/13/2009 | SLG | Draft emails to/from client and attorney Hagan re Pennsylvania collections claim (8) | 0.8 | $340.00 |
| 2/13/2009 | SLG | Draft Bankruptcy Court status conference statement | 0.4 | $170.00 |
| 2/19/2009 | SLG | Review and analysis of accountant Siress 4th fee application | 1.0 | $425.00 |
| 2/24/2009 | SLG | Draft emails to/from A. Ettinger re his objection to accountant Siress billings | 0.4 | $170.00 |
| 3/5/2009 | SLG | Review emails from A. Ettinger re his objection to accountant Siress billings | 0.5 | $212.50 |
| 3/10/2009 | SLG | Review email from A. Ettinger re Pennsylvania collection | 0.3 | $127.50 |
| 3/13/2009 | SLG | Draft notice of Bankruptcy for Pennsylvania collections | 0.4 | $170.00 |
| | | total | 46.6 | $15,582.50 |

## PLAN CONFIRMATION

| DATE | EMP | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 10/23/2008 | SLG | Review email from A. Ettinger with draft disclosure statement from attorney Logan office, and attention to strategy and | 1.6 | $ 680.00 |
| 10/27/2008 | SLG | Review email from L. Ettinger with draft cashflow projections to support Telepath confirmation of plan of reorganization | 1.0 | $ 425.00 |
| 10/29/2008 | SLG | Telephone conference(s) with L. Ettinger re attention to strategy and planning re confirmation of plan of reorganization | 0.6 | $ 255.00 |
| 11/19/2008 | SLG | Review email from A. Ettinger with his multiple corrections to draft but uncirculated disclosure statement obtained from | 0.5 | $ 212.50 |
| 12/3/2008 | SLG | Further review and analysis of attorney Logan office file for | 2.4 | No Charge |
| 12/5/2008 | SLG | Further review and analysis of attorney Logan office files for | 3.2 | No Charge |
| 12/16/2008 | SLG | Review and analysis of attorney Logan case files to prepare client plan of reorganization and revise incorrect draft | 2.2 | $ 935.00 |
| 12/22/2008 | SLG | Review unfiled client monthly operating report(s) to compare with financial projections for disclosure statement | 0.8 | $ 340.00 |
| 12/22/2008 | SLG | Attention to strategy and planning re client plan of | 1.4 | $ 595.00 |
| 1/2/2009 | SLG | Outline draft plan of reorganization | 4.5 | $ 1,912.50 |
| 1/3/2009 | SLG | Continue drafting plan of reorganization and revising prior | 3.4 | $ 1,445.00 |
| 1/6/2009 | SLG | Conference with client to discuss draft plan of reorganization and draft disclosure statement, attention to strategy and planning re confirmation of plan of reorganization and Siress | 2.3 | $ 977.50 |
| 1/6/2009 | SLG | Review & revise plan of reorganization and disclosure statement per conference with client to discuss same | 2.0 | $ 850.00 |
| 1/9/2009 | SLG | Draft emails to/from client re new draft disclosure statement | 0.3 | No Charge |
| 1/9/2009 | SLG | Telephone conference(s) with client regarding same | 0.5 | $ 212.50 |
| 1/11/2009 | SLG | Review L. Ettinger email with draft disclosure statement | 0.4 | $ 170.00 |
| 1/12/2009 | SLG | Review client emails re changes to draft plan of reorganization | 0.5 | $ 212.50 |
| 1/12/2009 | SLG | Review accountant Siress email with revised disclosure | 0.4 | $ 170.00 |
| 1/12/2009 | SLG | Finalize plan of reorganization and disclosure statement | 4.0 | $ 1,700.00 |
| 1/19/2009 | SLG | Attention to strategy and planning re timetable for confirmation | 1.0 | $ 425.00 |
| 2/11/2009 | SLG | Review e-mail from UST Dumas re disclosure statement | 0.3 | $ 127.50 |
| 2/11/2009 | SLG | Telephone conference(s) with UST Dumas re same | 0.8 | $ 340.00 |
| 2/11/2009 | SLG | Review & revise disclosure statement | 0.4 | $ 170.00 |
| 2/11/2009 | SLG | Draft e-mails to/from UST Dumas re disclosure statement | 0.4 | $ 170.00 |
| 2/11/2009 | SLG | Draft e-mail to Bankruptcy Court Clerk re intent to proceed on | 0.2 | $ 85.00 |
| 2/16/2009 | SLG | Draft emails to/from client re attending Bankruptcy Court | 0.2 | $ 85.00 |
| 2/17/2009 | SLG | Prepare for Bankruptcy Court hearing on approval of | 1.2 | $ 510.00 |
| 2/17/2009 | SLG | Attend Bankruptcy Court hearing on approval of disclosure | 1.5 | $ 637.50 |
| 2/17/2009 | SLG | Conference with client to discuss results of Bankruptcy Court hearing on approval of disclosure statement statement | 0.5 | $ 212.50 |
| 2/18/2009 | SLG | Legal research re timing for notice and Bankruptcy Court hearing on confirmation of plan of reorganization | 1.0 | $ 425.00 |
| 2/18/2009 | SLG | Review & revise disclosure statement per Court instructions | 0.5 | $ 212.50 |
| 2/18/2009 | SLG | Telephone conference(s) with UST Dumas re same | 0.4 | $ 170.00 |
| 2/18/2009 | SLG | Draft order approving amended disclosure statement and | 1.5 | $ 637.50 |
| 2/18/2009 | SLG | Draft emails to/from UST Dumas re same | 0.2 | $ 85.00 |
| 2/18/2009 | SLG | Attention to service issues | 1.2 | $ 510.00 |
| 2/20/2009 | SLG | Telephone conference(s) with D. Santana re balloting | 0.2 | $ 85.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 2/20/2009 | SLG | Telephone conference(s) with J. Newman re balloting | 0.2 | $ 85.00 |
| 2/22/2009 | SLG | Drafting e-mails to/from L/ Ettinger re his ballots and classes | 0.2 | $ 85.00 |
| 2/25/2009 | SLG | Draft emails to/from L. Ettinger re his ballots and classes (4) | 0.4 | $ 170.00 |
| 3/10/2009 | SLG | Telephone conference(s) with client regarding same and need for Telepath to contact creditors for additonal ballots | 0.3 | $ 127.50 |
| 3/11/2009 | SLG | Draft letter to client re weak ballot response and need for | 0.3 | $ 127.50 |
| 3/13/2009 | SLG | Draft e-mail to client with pdf'd copies of Plan, disclosure statement and ballot to contact un-voted creditors | 0.4 | $ 170.00 |
| 3/15/2009 | SLG | Draft emails to/from L. Ettinger re his ballots and classes (2) | 0.4 | $ 170.00 |
| 3/16/2009 | SLG | Draft emails to/from Aaron/Les Ettinger re weak ballot response and need for Telepath to contact creditors (8) | 1.0 | $ 425.00 |
| 3/16/2009 | SLG | Telephone conference(s) with Aaron/Les Ettinger re same | 0.4 | $ 170.00 |
| 3/17/2009 | SLG | On-line PACER research of Bankruptcy Court claims register to determine ballots sums and evaluate creditor participation | 2.1 | $ 892.50 |
| 3/17/2009 | SLG | Attention to strategy and planning re issues for confirmation of | 1.0 | $ 425.00 |
| 3/17/2009 | SLG | Draft ballot summary and calculate balloting results | 2.3 | $ 977.50 |
| 3/17/2009 | SLG | Draft statement in support of confirmation of plan of | 1.8 | $ 765.00 |
| 3/17/2009 | SLG | Draft emails to Bankruptcy Court Clerk re going forward with Bankruptcy Court hearing on confirmation of plan of | 0.2 | $ 85.00 |
| 3/17/2009 | SLG | Draft e-mails to/from N. Alemeda (Day Wireless) re balloting | 0.3 | $ 127.50 |
| 3/18/2009 | SLG | Prepare for Bankruptcy Court hearing on confirmation of plan | 1.0 | $ 425.00 |
| 3/19/2009 | SLG | Prepare for Bankruptcy Court hearing on confirmation of plan | 1.0 | $ 425.00 |
| 3/19/2009 | SLG | Review e-mail from Bankruptcy Court Clerk re Judge continuing Bankruptcy Court hearing on confirmation of plan of | 0.2 | $ 85.00 |
| 3/19/2009 | SLG | Draft email to Aaron Ettinger re weak ballot response and | 0.2 | $ 85.00 |
| 3/19/2009 | SLG | Review email from Les Ettinger re additional ballots | 0.2 | $ 85.00 |
| 3/24/2009 | SLG | Review emails from Les Ettinger re additonal ballots (6) | 0.5 | $ 212.50 |
| 3/24/2009 | SLG | Draft Goodsell declaration in support of confirmation of plan of reorganization, incliuding summary of allowed filed proof of | 2.8 | $ 1,190.00 |
| 3/24/2009 | SLG | Draft Bankruptcy Court order for confirmation of plan of | 0.7 | $ 297.50 |
| 3/24/2009 | SLG | Prepare for Bankruptcy Court hearing on confirmation of plan | 1.0 | $ 425.00 |
| 3/24/2009 | SLG | Draft e-mails to/from client re same | 0.5 | $ 212.50 |
| 3/25/2009 | SLG | Prepare for Bankruptcy Court hearing on confirmation of plan | 1.0 | $ 425.00 |
| 3/25/2009 | SLG | Attend Bankruptcy Court hearing on confirmation of plan of reorganization, including conference with client to discuss attention to strategy and planning re ptoential offer of proof | 1.6 | $ 680.00 |
| 3/25/2009 | SLG | Conference with UST Dumas re confirmation of plan of | 0.3 | $ 127.50 |
| 3/25/2009 | SLG | Draft emails to/from client re UST payments due | 0.3 | $ 127.50 |
| 12/30/2008 | SLG | Telephone conference(s) with client regarding accountant Siress demands and regarding outline for client plan of | 0.5 | $ 212.50 |
| | | total | 66.6 | $ 25,797.50 |

## FEE APPLICATION

| DATE | EMP | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 4/1/2009 | SLG | Draft CGS final fee application | 4.0 | $1,700.00 |
| 4/2/2009 | SLG | Continue drafting CGS final fee application | 2.4 | $1,020.00 |
| 4/24/2009 | SLG | Prepare for and attend Bankruptcy Court hearing on CGS final fee application (est) | 1.0 | $425.00 |
| | | total | 7.4 | $3,145.00 |