ELAINE M. SEID (SBN 72588)
McPharlin Sprinkles & Thomas, LLP
10 Almaden Blvd, Suite 1460
San Jose, CA  95113
Telephone  (408) 293-1900
Facsimile (408) 293-1999
Email: emseid@mstpartners.com

Practice Administrator for
The Law Offices of
Charles E. Logan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re TELEPATH CORPORATION<br><br>    Tax ID:  94-2678653<br>          Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankruptcy No. 03-56788-ASW11<br>Chapter 11<br><br>**Hearing**:<br>Date: 4/24/2009<br>Time:  1:15 p.m.<br>Judge:  Hon. Arthur S. Weissbrodt |

### PRACTICE ADMINISTRATOR STATEMENT REGARDING COMPENSAATION OF THE LOGAN LAW OFFICE AS ATTORNEYS FOR THE DEBTOR

    Campeau Goodsell Smith ("CGS"), the Debtor's current counsel, has filed a final application requesting for compensation for services rendered since CGS substituted in as attorneys for the Debtor.  Elaine M. Seid of McPharlin Sprinkles & Thomas, LLP ("Practice Administrator"), the duly appointed Practice Administrator for the Law Office of Charles E. Logan, hereby submits this related statement regarding the compensation of the Logan Law Office as attorneys for the Debtor in order to provide the Court with a fuller context upon which it should consider the professional compensation requested in this case.

    1.        Charles E. Logan died on September 12, 2008.  The Practice Administrator was appointed by the Probate Court for the purpose of closing Mr. Logan's law practice, the

1

PRACTICE ADMINISTRATOR STATEMENT REGARDING COMPENSATION OF THE LOGAN LAW OFFICE AS
ATTORNEYS FOR THE DEBTOR
Case: 03-56788    Doc# 404    Filed: 04/18/09    Entered: 04/18/09 15:28:20    Page 1 of 3
Case No. 03-56788-ASW11
In Re Telepath Corporation

Logan Law Office. The Practice Administrator's tasks include collecting the assets of the Logan Law Office including any account receivables due for professional services rendered.

2. The Logan Law Office commenced the above captioned Chapter 11 case on October 20, 2003, for the primary purpose of staying state court litigation taken by Peter Ajlouny and Andrew Ajluni (the "Ajlouny Parties") to appoint a receiver to take over the operations of both Debtors. The dispute with the Ajlouny Parties was litigated and ultimately compromised and settled by the Logan Law Offices during this Chapter 11 case. Additionally, the Logan Law Office initiated four adversary proceedings for the Debtor to recover property and or money.

3. The Logan Law Office continued to represent the Debtor until Mr. Logan's death in September 2008.

4. The Practice Administrator is informed and believes the Logan Law Office received an initial retainer of $25,000 and possibly additional advances for costs but never filed an application for compensation in the above captioned case.

5. The Practice Administrator is informed and believes that Mr. Logan estimated the Logan Law Offices' fees earned in the above captioned Chapter 11 case to be in the range of $250,000.

6. The Practice Administrator is informed and believes the Exhibits attached to the Disclosure Statement filed herein were prepared for or by the Logan Law Offices. Exhibit 3, the liquidation analysis, states the estimated fees of the Logan Law Offices to be $250,000. Exhibit 2, the pro forma for Debtor's operations after Plan confirmation of reflect the Debtor is to pay the Logan Law Offices deferred payments of $1,000 per month until March 2012 when the monthly payments increase to $2,500 until December 2012, for a total

2

PRACTICE ADMINISTRATOR STATEMENT REGARDING COMPENSATION OF THE LOGAN LAW OFFICE AS ATTORNEYS FOR THE DEBTOR
Case: 03-56783  Doc# 404  Filed: 04/18/09  Entered: 04/18/09 15:28:20  Page 2 of 3
Case No. 03-56788-ASW
In Re Telepath Corporation

of $61,000. From Exhibit 2 one could infer the Logan Law Office was agreeable to accepting deferred payment for a portion of its fees.

7. The Practice Administrator will be preparing and filing an application for compensation for the Logan Law Office based upon the time records, pleadings and other materials available to her.

8. While not specifically objecting to CGS's final application for compensation the Practice Administrator did wish to make the Court and the Debtor aware that additional compensation will be requested by the Logan Law Offices for services rendered to the Debtor during the approximate five (5) years it represented the Debtor.

Dated:   April 17, 2009              McPHARLIN SPRINKLES & THOMAS, LLP

By:   /s/ *Elaine M. Seid*
      ELAINE M. SEID
      PRACTICE ADMINISTRATOR
      FOR THE LAW OFFICES OF
      CHARLES E. LOGAN