ELAINE M. SEID (Bar No. 72588)
McPHARLIN, SPRINKLES
    & THOMAS LLP
10 Almaden Blvd, Suite 1460
San Jose, California 95113
Telephone (408) 293-1900
Facsimile (408) 293-1999

Practice Administrator for
The Law Offices of Charles E Lgoan

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re TELEPATH CORPORATION<br><br>    Debtor. | ) Bankruptcy No. 03-56788-ASW11<br>) Chapter 11<br>)<br>) **Hearing**:<br>) Date: 8/31/2009<br>) Time: 2:15 p.m.<br>) Judge: Hon. Arthur S. Weissbrodt<br>) |

## JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL COMPENSATION OF PROFESSIONALS FOR ESTATE

This Joint Status Conference Statement Regarding Application for Final Compensation of Professionals for Estate is submitted by the Law Offices of Charles E. Logan ("Logan Firm.")[1] , the Siress Group ("Siress") and the U.S. Trustee. Scott Goodsell ("Goodsell"), unable to agree to this statement, is filing his own status conference statement.

### A. Factual Background

The above captioned voluntary Chapter 11 case was filed on October 20, 2003

---

[1] Elaine M. Seid of McPharlin Sprinkles & Thomas, LLP is the Practice Administrator for the Logan Firm and has filed its application for final compensation.

1

JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL COMPENSATION OF PROFESSIONALS FOR ESTATE
Case No. 03-56788-ASW11    In Re Telepath Corporation

Case: 03-56788   Doc# 423   Filed: 08/25/09   Entered: 08/25/09 13:32:53   Page 1 of 5

with the debtor represented by the Logan Firm. The debtor's employment of The Siress as its accountant was approved during or about June 2005. Mr. Logan died on September 12, 2008. Prior to his death the Logan Firm prepared a draft plan and disclosure statement that was not filed prior to Mr. Logan's death. On or about January 5, 2009, debtor's employment of Scott Goodsell ("Goodsell") as its new attorney was approved. Goodsell filed the debtor's plan and disclosure statement on January 12, 2009 and confirmed the plan on March 30, 2009.

Pending before the Court are the final fee applications of the three professionals, Goodsell, Siress and the Logan Firm. At the prior hearing on Goodsell's application for compensation the Logan Firm and Siress were directed to file their final fee applications so the Court could considered these together. The Court further directed the professionals to confer and file this joint status conference prior to the next Court hearing.

### B. Professionals Conference Call

All three professionals have filed their respective final fee applications. A conference call was conducted on August 20, 2009 with the three professionals and the U.S. Trustee. The following is a summary of the interim fee and final fee applications, the amounts approved and the amounts remaining unpaid.

|  | Interim Fees Approved | Fees Paid | % Approved Fees paid | Approved Remaining Unpaid | Final Requesting Approval | Total Fees if all Requested Fees Are Approved |
|---|---|---|---|---|---|---|
| **Goodsell** | 20,000 | 16,750 | 84% | 3,250 | 25,119 | 45,119 |
| **Siress** | 192,589 | 164,939 | 86% | 19,677 | 7,126 | 199,715 |
| **Logan Firm** | -0- | 33,866 | N/A | N/A- | 149,067 | 182,933 |
|  | 212,589 | 215,555 |  | 22,927 | 181,312 | 427,767 |

### C. Objections to Fee Applications

It was agreed the deadline for objecting to the pending fee applications is

2

JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL COMPENSATION OF PROFESSIONALS FOR ESTATE
Case No. 03-56788-ASW11                                    In Re Telepath Corporation

Case: 03-56788    Doc# 423    Filed: 08/25/09    Entered: 08/25/09 13:32:53    Page 2 of 5

August 26, 2009. The U.S. Trustee has already filed an objection to Goodsell's fee application that remains pending. Goodsell advised the debtor will file objections to the fee applications of Siress and the Logan Firm. Siress and the Logan Firm may file objections or comments to Goodsell's fee application.

**D. <u>Payment of Fees.</u>**

The Logan Firm and Siress claim they were not consulted prior to confirmation of the plan and have not agreed to deferred payment of their approved professional compensation that are administrative expenses entitled to be paid upon the effective date, unless another treatment is agreed to, under 11U.S.C. §1129 (a)(9). Goodsell claims, based upon a draft projection of scheduled of payment plan found in the client files received from the Logan Firm, the Logan Firm and Siress had agreed to the deferred payments reflected on the schedule. Siress claims the schedule was a discussion draft only and no agreements had been made.

Siress continues to provide accounting services to debtor. Upon her discussion with Aaron Ettinger, principal of the debtor, Siress has indicated the debtor can afford plan payments of $9,000 per month. Goodsell stated he had not confirmed with the debtor its ability to make these payments.

Goodsell has stated the confirmed plan requires debtor to deposit $2,300 per month into an account from which quarterly pro rata distributions are to be made to creditors until creditors have received 25% of their allowed claim.

Thus it appears debtor could possibly pay $6,700 per month towards approved professional fees. Goodsell, Siress and the Logan Firm disagree on the allocation of payment towards approved fees.

3

JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL COMPENSATION OF PROFESSIONALS FOR ESTATE
Case No. 03-56788-ASW11                                    In Re Telepath Corporation

Case: 03-56788    Doc# 423    Filed: 08/25/09    Entered: 08/25/09 13:32:53    Page 3 of 5

Goodsell advocates pro rata payments based upon total approved fees. Siress advocates pro rata payments based upon unpaid approved fees. Goodsell's and Siress' respective positions provide each to receive larger allocations in the early months. The Logan Firm advocates a fair allocation with it receiving initial distributions in amounts similar to those paid to Goodsell and Siress and recognizes payment of its unpaid fees will take longer as its unpaid fees are substantially larger.

### E. Recommendations

As formal written objections to the fee applications have not yet been filed it is not possible for the professionals and the U.S. Trustee to discuss or address the objections in this Joint Status Conference Statement. The Logan Firm, Siress and the U.S. Trustee recommend the following procedures going forward:

1. Objections to Fee Applications filed by **August 26, 2009**.
2. Status Conference on **August 31, 2009** at **2:15 p.m.** (currently set)
3. A deadline set for filing of Response to Objections, if any.
4. A date set by which time the professionals and U.S. Trustee must confer to discuss whether any objections can be resolved.
5. A further hearing be set to consider the final fee applications.

Dated: August 24, 2009     McPharlin Sprinkles & Thomas, LLP

_____
Elaine M. Seid

Dated: August 24, 2009     _____
Jena Siress-McCelfeis
The Siress Group

Dated: August 24, 2009     _____
Nanette Dumas
Attorney for United States Trustee

4

JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL
COMPENSATION OF PROFESSIONALS FOR ESTATE
Case No. 03-56788-ASW11                              In Re Telepath Corporation

Goodsell advocates pro rata payments based upon total approved fees. Siress advocates pro rata payments based upon unpaid approved fees. Goodsell's and Siress' respective positions provide each to receive larger allocations in the early months. The Logan Firm advocates a fair allocation with it receiving initial distributions in amounts similar to those paid to Goodsell and Siress and recognizes payment of its unpaid fees will take longer as its unpaid fees are substantially larger.

### E. Recommendations

As formal written objections to the fee applications have not yet been filed it is not possible for the professionals and the U.S. Trustee to discuss or address the objections in this Joint Status Conference Statement. The Logan Firm, Siress and the U.S. Trustee recommend the following procedures going forward:

1. Objections to Fee Applications filed by **August 26, 2009**.
2. Status Conference on **August 31, 2009** at **2:15 p.m.** (currently set)
3. A deadline set for filing of Response to Objections, if any.
4. A date set by which time the professionals and U.S. Trustee must confer to discuss whether any objections can be resolved.
5. A further hearing be set to consider the final fee applications.

Dated: August 25, 2009          McPharlin Sprinkles & Thomas, LLP

                                _Elaine M. Seid_
                                Elaine M. Seid

Dated: August 24, 2009

                                Jena Siress-McCelleis
                                The Siress Group

Dated: August 25, 2009

                                _Nanette Dumas_
                                Nanette Dumas
                                Attorney for United States Trustee

4

JOINT STATUS CONFERENCE STATEMENT REGARDING APPLICATION FOR FINAL COMPENSATION DOC#102 FILED 08/25/09 Entered: 08/25/09 13:32:53  Page 5 of 5
Case No. 03-56788-ASW11                                In Re Telepath Corporation