GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

Counsel for the reorganized debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELEPATH CORPORATION | Case No. 03-56788-ASW11 |
| | Chapter 11 |
| | **OBJECTION TO DECLARATION OF ELAINE M. SEID IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTIONS TO FIRST & FINAL APPLICATION FOR COMPENSATION BY THE LOGAN LAW OFFICE AS ATTORNEYS FOR DEBTOR.** |
| | **Hearing:** |
| | Date: 10/26/2009<br>Time: 3:00 p.m.<br>Judge: Hon. Arthur S. Weissbrodt |

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | The new evidence is inadmissible as a matter of law. | 1 |
| | | 1. Testimony by declaration is subject to greater scrutiny than testimony in open court. | 1 |
| | | 2. The Practice Administrator cannot offer opinion testimony as a lay witness. | 1 |
| | | 3. Since the methodology and data employed by the Practice Administrator are completely unreliable, the declaration of Ms. Seid is inadmissible. | 3 |
| | |    a) The testimony of the Practice Administrator must satisfy the standards imposed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 113 S.Ct. 2786 (1993). | 3 |
| | |    b) The Practice Administrator fails to offer any evidence substantiating the methodology and data used to estimate the fees sought in the application. | 4 |
| | | 4. Since the Declaration of the Practice Administrator ignores the mandatory requirements of Rule 7026(a)(2), Ms. Seid cannot offer expert testimony. | 5 |
| | | 5. Since the Practice Administrators cannot offer testimony as a percipient witness, the application must be denied. | 6 |
| | B. | Recommended course of action. | 7 |
| III. | CONCLUSION | | 8 |

## I. INTRODUCTION

On August 11, 2009, the Practice Administrator for the Logan Law Office submitted a final fee application that largely consists of Ms. Seid "guesstimating" the time that Mr. Logan "probably expended" on numerous tasks (Docs. 419-421). In response, the debtor noted that these "guesstimates" do not satisfy the mandatory legal requirements of Bankruptcy Code § 330 and Rule 2016. The matter came on for hearing on August 31, 2009, and the court continued the application to October 26, 2009, allowing the Practice Administrator to submit additional evidence in support of the application (Docs. 437 & 438). The additional evidence, however, does not satisfy the previously noted standards and is otherwise inadmissible as a matter of law. Given this abject failure of proof, the application must be denied.

## II. ARGUMENT

### A. THE NEW EVIDENCE IS INADMISSIBLE AS A MATTER OF LAW.

#### 1. Testimony by declaration is subject to greater scrutiny than testimony in open court.

Evidence submitted in support of a motion must be admissible pursuant to the Federal Rules of Evidence, and a party may seek to exclude the offering of inadmissible evidence. *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988). All affidavits, whether by percipient or purported expert witnesses, must conform to the same rules of evidence that apply to oral testimony at trial. *Hal Roach Studios, Inc. v. Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990); Fed. R. Evid. 101 (Rules of evidence apply to all proceedings before a court). Indeed, evidence presented by declaration is subject to greater strictures by a court because the declarant is not subject to cross-examination. *U. S. v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970).

#### 2. The Practice Administrator cannot offer opinion testimony as a lay witness.

Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 702 (expert

testimony). Fed. R. Evid. 701(c). Consequently, Fed. R. Evid. 701 prevents litigants from offering "an expert in lay witness clothing" and evading reliability requirements of Fed. R. Evid. 702 and disclosure requirements of Fed. R. Civ. Pro. 26. Please see Fed. R. Evid. 701, Adv. Comm. Note (2000).

Here, the Practice Administrator's declaration is largely composed of opinion testimony.

> In my opinion, it is more likely than not that the Logan Firm spent significantly more professional time on the matters listed in the Fee Application. Conversely, it is very **unlikely**, in my professional opinion, **that the Logan Firm spent less time** than the time I allocated to each filed document (emphasis original) (¶ 19).

> In my personal opinion, based upon my professional experience practicing Chapter 11 bankruptcy in the Northern District of California for approximately 30 years and my personal knowledge of Charles' reputation, the appropriate billing rate for Charles would be at the top end of the prevailing hourly billing rate for Chapter 11 attorneys in the local community (¶ 23)

> However, in my opinion, any amount claimed as double billing is more than compensated (¶ 26).

The opinions of the Practice Administrator, however, are specifically based upon specialized knowledge.

> My estimates of the professional time devoted by the Logan Firm to the Telepath case (sic) based upon my experience and knowledge having practiced in Chapter 11 cases as a bankruptcy lawyer for the past 30 years in the Northern District of California (¶ 17).

Consequently, ¶¶ 19, 23, and 26 as well as any other opinion evidence is inadmissible as lay testimony.

Moreover, lay opinion testimony must be "rationally based on the perception of the witness." Fed. R. Evid. 701(b). The Practice Administrator, however, substantially relies upon evidence gained for third parties.

> After my appointment as PA I was able to speak once or twice by telephone with the Logan Firm's former receptionist and former paralegal who by then had accepted new employment (¶ 7).

> Luce advised me that fee applications needed to be filed in several cases including Telepath. She advised me she thought the Logan Firm might be owed an estimated $250,000 in fees. She also advised me that I

would need to retain a copy of the Telepath files in order to prepare the fee application (¶ 11).

Thus, the testimony is inadmissible.

Moreover, while Ms. Luce understandably does not want to be involved in the administration of Mr. Logan's practice, she does offer declaration testimony pursuant to a subpoena. Although Ms. Luce worked as Mr. Logan's associate and performed considerable services with respect to this matter, the Practice Administrator fails to offer any evidence from Ms. Luce regarding either the Logan Firm's general billing practices or the billing practices in this matter. Further, Ms. Luce does not offer an opinion based upon her perceptions stating the value of the services rendered in this case. Consequently, the Practice Administrator failed to offer any opinion testimony that is admissible pursuant to Fed. R. Evid. 701.

>   3. **Since the methodology and data employed by the Practice Administrator are completely unreliable, the declaration of Ms. Seid is inadmissible.**
>
>>   a) **The testimony of the Practice Administrator must satisfy the standards imposed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 113 S.Ct. 2786 (1993).**

As noted, the proffered testimony is specifically based upon the Practice Administrator's specialized knowledge (¶ 17). Thus, Fed. R. Evid. 702 requires evaluation of the reasoning and methodology underlying Ms. Seid's testimony.

> [T]he trial judge *must* ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. The primary locus of this obligation is Rule 702
>
> . . . . . .
>
> Faced with a proffer of expert scientific testimony, then, the trial judge *must* determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary *assessment of whether the reasoning or methodology underlying the testimony is scientifically valid* and of whether that reasoning or methodology properly can be applied to the facts in issue. *Daubert,* 113 S.Ct. at 2795-96 (emphasis added).

In *Kumho Tire Company, Ltd. v. Patrick Carmichael, etc., et al*, 119 S.Ct. 1167 (1999), the Supreme Court held that the gate keeping function of the courts under *Daubert* applies to all types of evidence. The foregoing rules also must be followed even in the

case of an opinion submitted by a purported expert witness. *Claar v. Burlington Northern R. Co.*, 29 F.3d 499,501-03 (9th Cir. 1994). Since the declaration does not meet the *Daubert* standard, the Practice Administrator's testimony is in admissible.

### b) The Practice Administrator fails to offer any evidence substantiating the methodology and data used to estimate the fees sought in the application.

The Practice Administrator expends much effort trying to establish that a lack of contemporaneous time records does not justify an automatic reduction in the hours claimed. While this consideration may or may not be true in non-bankruptcy cases, the debtor's original objection demonstrates that contemporaneous records are required in the context of a bankruptcy. This consideration notwithstanding, the Practice Administrator must offer admissible evidence establishing the value of the professional services rendered by the Logan Firm. Since the declaration of the Practice Administrator does not satisfy these criteria, the application must be denied based upon a failure of proof.

For example, the opinions offered by the Practice Administrator regarding the value of the professional services relies upon faulty methodology. Notably, the Practice Administrator states that the methodology used to estimate the fees is described in the contemporaneously filed memorandum of points and authorities (¶ 16). Pleadings, however, are not evidence. Thus, Practice Administrator failed to satisfy the applicable burden of proof.

Moreover, the Practice Administrator fails to offer any evidence that the methodology is reliable and utilized by other experts in the field. Presumably, the Fee Guidelines reflect generally accepted practices, but Ms. Seid concedes that the guidelines reject her methodology.

> The PA concedes the time she allocates may not be the precise time expended by the Logan Firm and the precise time sought by the Court's Fee Guidelines. Additionally, the PA is not advocating the methodology she used to be appropriate as a general rule as it would not comport with the Court's Fee Guidelines (p. 9:18-25).

Further, the methodology improperly relies upon a fee application approved in a

Case: 03-56788    Doc# 439    Objection to Declaration of Elaine M. Seid    Filed: 10/16/09    Entered: 10/16/09 23:46:55    Page 6 of 11

4

1 related case.

> The Fee Application prepared by the PA is grounded in physical documentary evidence that is readily available for the Debtor's and Mr. Goodsell's review. As an experienced bankruptcy lawyer, Mr. Goodsell can evaluate whether the time assigned for the Logan Firm's preparation of the pleadings and documents (sic) are reasonable. The accounted time was not pulled from the air but was the result of extended hours of collecting the documents that reflect services rendered by the Logan Firm and assigning time based upon a review of the Logan Firm's billing practice as reflected in the Timeslot fee application that was not objected to and was approved by the Court (p. 10:17-26).

The fee application in the Timeslot case, however, has not been submitted as evidence in support of the instant application, and it is not subject to judicial notice. Fed. R. Evid. 201.

Further, the Practice Administrator fails to offer any evidence correlating the services rendered in a related proceeding to the instant matter. While the Practice Administrator may have looked at pleadings and correspondence in the Timeslot case and estimated the time used to prepare supposedly comparable documents in this matter, the declaration does not offer testimony either identifying the alleged comparable billing events or explaining the methodology used to extrapolate the professional fees to this case. Simply stated, the Practice Administrator reviewed the Timeslot fee application and concluded that the Logan Firm is entitled to an award totaling $164,347.50. Since the Practice Administrator fails to offer any testimony regarding the intermediate steps in the process, the instant application must be denied based upon an utter failure of proof.

**4. Since the Declaration of the Practice Administrator ignores the mandatory requirements of Rule 7026(a)(2), Ms. Seid cannot offer expert testimony.**

Pursuant to Fed. R. Civ. Pro. 26(a)(2), an expert must prepare and disclose a report containing.

1. A complete statement of all opinions the witness will express and the basis and reasons for them;
2. The data or other information considered by the witness in forming them;

|   |   |
|---|---|
| 1 | 3. Any exhibits that will be used to summarize or support them; |
| 2 | 4. the witness's qualifications, including a list of all publications authored in |
| 3 | the previous 10 years; |
| 4 | 5. a list of all other cases in which, during the previous 4 years, the witness |
| 5 | testified as an expert at trial or by deposition; and |
| 6 | 6. A statement of the compensation to be paid for the study and testimony in |
| 7 | the case. |

Since the declaration omits items 3-6, it is inadmissible. *Quevedo v. Trans-Pacific Shipping,* 143 F.3d 1255, 1258 (9th Cir.1998) (upholding exclusion of expert testimony in summary judgment proceeding for failure to comply with Rule 26(a)(2)).

### 5. Since the Practice Administrators cannot offer testimony as a percipient witness, the application must be denied.

A declarant must (1) establish his or her personal knowledge and competency to testify, (2) state the evidentiary facts directly without any unsupported conclusions or opinions, and (3) refrain from inadmissible hearsay. *US. v. Aetna Cas. & Sur. Co.*, 981 F.2d 448, 454 (9th Cir. 1992) (affidavit is inadmissible where not based on personal knowledge); *Rossi v. Trans WorZd Airlines, Znc.*, 507 F.2d 404, 406 (9th Cir. 1974) (conclusory affidavit must be disregarded in ruling on motion for summary judgment); *Taylor v. List*, 880 F.2d 1040, 1045 n. 3 (9th Cir. 1989) (summary judgment affidavit must be made on personal knowledge); and Fed. R. Evid. 602 ("witness may not testify to a matter unless ... witness has personal knowledge of the matter"). Since the Practice Administrator's Supplemental Affidavit does not satisfy, these criteria, it is not admissible.

For example, the Practice Administrator testifies that she spent 50.9 hours preparing the instant application (Declaration of Elaine M. Seid regarding First & Final Application for Compensation, ¶3). Although the Practice Administrator spent two weeks on the application, she only examined three of eight volumes of the file and "then extrapolated the time for the remaining five volumes of files" (¶ 29). While the

Practice Administrator suggests that "Mr. Goodsell can evaluate whether the time assigned for the Logan Firm's preparation of the pleadings and documents (sic) are reasonable," the debtor can stand mute upon the Practice Administrator's failure to marshal proof.  More importantly, Ms. Seid only examined 37.5% of the case file.  The inability to offer opinion testimony notwithstanding, Ms. Seid does not have personal knowledge regarding 62.5% of the case file and cannot offer percipient testimony relevant to the application.

### B.  RECOMMENDED COURSE OF ACTION.

Although the Practice Administrator seeks a substantial award, the value of the professional fees in this matter cannot be established with any reliability.  Thus, the motion should be denied.  While the Practice Administrator suggests that result would be unfair, the court continued this matter and allowed additional evidence.  In this context, the Practice Manager did not review the entire file and cannot be heard to complain.  If the court is inclined to allow a third opportunity to offer evidence, then the debtor recommends that this matter be set for an evidentiary hearing wherein the Practice Administrator and Ms. Luce can offer live testimony and can be cross-examined by the debtor in open court.

Moreover, depositions will substantially expedite the evidentiary hearing and focus the issues before the court.  Notably, the Practice Administrator cannot resist this course of action.  By attempting to offer expert testimony, Ms. Seid waived any work product protection relating to her opinions. *Penn Nat'l Ins. Co. v. HNI Corp.* 245 F.R.D. 190, 193 (M.D. PA 2007); *U.S. v. Hooker Chemicals & Plastics Corp.,* 112 F.R.D. 333, 339 ("when a party offers an affidavit of an expert witness in opposition to, or in support of a motion for summary judgment, it waives its right not to have the deposition of said expert taken.").  Dates for the depositions can be selected at the hearing.

\\

\\

III. CONCLUSION

For the previously stated reasons, the application should be denied based upon a lack of proof. Alternatively, the matter should be set for an evidentiary hearing after the debtor deposes the declarants.

Dated: October 15, 2009

CAMPEAU GOODSELL SMITH
A Law Corporation

By: /s/ Gregory J. Charles
　　　Gregory Charles
　　　Attorneys for the Debtor

# Certificate of Service

I am over eighteen years of age, not a party in this action, and employed in Santa Clara County, California at 440 North First Street, Ste. 100, San Jose, California 95112 I am readily familiar with the processing of pleadings for delivery via electronic mail. On the date listed below, I caused to be served the following:

**Objection to Declaration of Elaine M. Seid in support of response to debtor's objections to first & final application for compensation by the Logan Law Office as attorneys for debtor.**

[X] **BY ELECTRONIC MAIL** on the following individuals via the U.S. Bankruptcy Court, Northern District of California Electronic Court Filing System:

| | |
|---|---|
| Elaine M. Seid<br>McPharlin, Sprinkles and Thomas<br>10 Almaden Blvd. #1460<br>San Jose, CA 95113<br>(408) 293-1900<br>emseid@mstpartners.com | Mark K. Oto<br>Law Offices of Mark K. Oto<br>255 N Market St. #260<br>San Jose, CA 95110<br>(408) 993-0303<br>mko@otolaw.com |
| Peter S. Munoz<br>Reed Smith<br>101 2nd St. #1800<br>San Francisco, CA 94105`<br>(415) 543-8700<br>pmunoz@reedsmith.com | David S. Levin<br>Levin Law Firm<br>405 Sherman Ave.<br>Palo Alto, CA 94306<br>(650)858-8500<br>david@levinlawfirm.com |
| David I. Kornbluh<br>Miller, Morton, Caillat and Nevis<br>50 W San Fernando St. #1300<br>San Jose, CA 95113-2413<br>(408) 292-1765<br>dik@millermorton.com | Charles B. Greene<br>Law Offices of Charles B. Greene<br>84 W Santa Clara St. #770<br>San Jose, CA 95113<br>(408) 279-3518<br>cbgattyecf@aol.com |
| Nanette Dumas<br>Office of the U.S. Trustee<br>280 S 1st St. #268<br>San Jose, CA 95113<br>(408) 535-5525<br>nanette.dumas@usdoj.gov | Carol J. Bassoni<br>Law Offices of Carol J. Bassoni<br>P.O.Box 1630<br>Cupertino, CA 95015<br>(408) 295-9964<br>CBassoniLaw@aol.com |

I declare that I am a member of the Bar of this Court, and that this declaration was executed October 16, 2009 in San Jose, California.

/s/ Gregory J. Charles

Certificate of Service