LAURA PALAZZOLO, CA STATE BAR NO. 210954
SARA L. POLLOCK, CA STATE BAR NO. 281076
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
laura.palazzolo@berliner.com
sara.pollock@berliner.com

ATTORNEYS FOR DEFENDANT TELEPATH CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In Re: | Case No. BK-03-56788 ASW |
|---|---|
| TELEPATH CORPORATION | Chapter 11 |
| Debtor. | EX PARTE APPLICATION TO REOPEN BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350(B) AND BANKRUPTCY RULE 5010; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

In connection with its Notice of Removal, filed concurrently herewith, Debtor TelePath Corporation ("TelePath") hereby applies ex parte for an order reopening the above-captioned bankruptcy case to allow the administration of an adversary proceeding relating to Chapter 11 counsel's state court complaint for pre- and post-confirmation attorney fees.

I. BACKGROUND

On October 4, 2003, TelePath filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 3, 2003, this Court entered an order granting TelePath's motion to employ the Logan Law Firm as its bankruptcy counsel. (Docket No. 36.) On September 12, 2008, the owner of the Logan Law Firm, and TelePath's primary bankruptcy lawyer passed away. (Docket No. 355.)

-1-

On November 12, 2008, CGS executed an Attorney-Fee Contract, stating that Telepath was hiring CGS to "provide those legal services in connection with prosecuting its pending Chapter 11 reorganization case in the United States Bankruptcy Court." The agreement further provided that CGS would "represent [TelePath] in the ordinary and usual matters in the bankruptcy court associated with a case under the Bankruptcy Code, but not to include any contested matter or adversary proceeding without further written agreement." (Docket No. 355, Ex. A.)

At a December 11, 2008 hearing, this Court orally approved the employment of CGS as counsel for TelePath. On January 5, 2009, this Court entered an order confirming CGS's employment as counsel for TelePath. (Docket No. 365.)

TelePath subsequently filed an Amended Disclosure Statement on Plan of Reorganization. (Docket No. 378.) Therein, CGS was named as a creditor with an "unspecified administrative claim." (*Id.* at p. 7.) The Reorganization Plan itself specifies the "treatment" of such claims. (Docket No. 367.) In addition, the Disclosure Statement states that "[f]ees owed to said law firm can only be paid after Court approval, and said law firm will accept payments over time if necessary." (*Ibid.*)

On March 30, 2009, this Court entered an Order confirming the above-referenced Reorganization Plan. This Order provided, inter alia, that "[a]ll payments made or promised by Debtor under the Plan or *for services or for costs and expenses in, or in connection with, the Plan and incident to the case*, have been fully disclosed to the Court and are reasonable, *or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court*." (Docket No. 397.)

Four days later, CGS filed a Final Application for Compensation and Reimbursement of Expenses By Attorney For Debtor. (Docket No. 402.) On August 3, 2009, the Logan Law Firm also filed a Final Application for Compensation and Reimbursement of Expenses By Attorney For Debtor, requesting $164,347 in fees and $14,342 in expenses.. (Docket No. 419.) On information and belief, CGS advised TelePath to object to the Logan Law Firm's application. Litigation surrounding the Logan firm's fees dragged on for almost two years.

On March 11, 2011, this Court issued a Memorandum Decision on Logan Law Firm Final Fee Application, granting the Logan Law Firm $157,080 in fees and $14,342 in costs. (Docket No.

487.) At the same time, the Court issued a Memorandum Decision on CGS's Final Fee Application, awarding CGS $38,060 in fees and $584.49 in costs for its fees through April of 2009. (Docket No. 486.) CGS never made another fee application.

A lack of communication between TelePath and CGS ensued after the Logan Law Firm fiasco; ultimately resulting in two motions for contempt and the U.S. Trustee seeking to dismiss TelePath's bankruptcy. As a result, TelePath terminated its relationship with CGS in April of 2011 and substituted Berliner Cohen as its counsel to resolve the motions and close the bankruptcy case. (Docket No. 522.)

A Final Decree was issued on March 29, 2013. (Docket No. 549.) Though CGS was notified by counsel of TelePath's intent to close the bankruptcy case, it made no request for approval of any post-confirmation services.

Instead, on March 20, 2014, CGS filed a complaint (the "Complaint") in the Superior Court of California, Santa Clara County, Case No. 114CV262437 (the "Civil Action"), attached hereto as Exhibit "A." A Notice of Removal has been filed, and this Motion seeks to reopen the Bankruptcy Case so CGS' claims may be administered in the Court in which its services were rendered.

The causes of action alleged in the Complaint originate from the legal services CGS provided to TelePath in connection with bankruptcy proceeding. Specifically, Plaintiff alleges that it did not receive $91,358.96 in payment for their legal fees pursuant to the parties' November 12, 2008 Attorney-Client Fee Contract, this Court's Memorandum Decision on Campeau Goodsell Smith Final Fee Application (Docket # 486), and Telepath's Confirmed Chapter 11 Plan (Docket #397). The alleged failure to pay the legal fees is the basis for Plaintiff's causes of action for breach of contract, account stated, open book account, and money had and received.

TelePath has never authorized CGS to perform any work outside the scope of the bankruptcy proceedings. TelePath is unaware of any written agreement with CGS apart from the November 12, 2008 agreement, which specifies that CGS was hired solely to perform legal services in connection with TelePath's bankruptcy proceeding.

II. DISCUSSION

The Bankruptcy Code (11 U.S.C. § 101 et seq.) provides that a bankruptcy case "may be reopened in the court in which the case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Code does not define "other cause," thus whether sufficient "causes exists to reopen is left to the broad discretion of the bankruptcy court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over form." (*In re Emmerling*, 223 BR 860, 864 (2nd Cir. BAP 1997); see *Matter of Bianucci,* 4 F.3d 967, 972 (9th Cir. 2002); *In re Ashe* 228 BR 457, 461 (CD CA 1998).)

Here, the bankruptcy proceeding should be re-opened for several reasons. First, CGS is suing for attorney fees that were incurred solely during pre-confirmation and post-confirmation bankruptcy work on behalf of TelePath over which this Court has jurisdiction. *See In re Sultan Corp.*, 81 B.R. 599, 601-02 (9th Cir. BAP 1987) (chapter 11 approval of post-confirmation legal fees); *In re Tri-L Corp.*, 65 B.R. 774, 777 (Bankr. D. Ut. 1986) (chapter 11 post-confirmation legal fees governed by §503(b)(2) and jurisdiction for approval reserved); *see also In re Berg & Assoc., Inc.*, 138 B.R. 782, 785 (Bankr. E.D.Pa. 1992); *In re Hays Builders, Inc.*, 99 B.R. 848 (Bankr. W.D. Tenn. 1989).

Second, the bankruptcy court may expressly retain jurisdiction over a reorganization plan during its consummation under a provision of the plan itself or the confirmation order. *See In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2nd Cir. 1993) (bankruptcy court retains post-confirmation jurisdiction in chapter 11 proceeding to extent provided in plan of reorganization); *In re Neptune World Wide Moving, Inc.*, 111 B.R. 457, 462 (Bankr. S.D.N.Y. 1990) (bankruptcy court retains post-confirmation jurisdiction under chapter 11 plan in accordance with terms of the plan and confirmation order); *see also In re Aylesbury Inn, Inc.*, 121 B.R. 675, 677 (Bankr. N.D.N.Y. 1990); *In re Tri-L Corp.*, *supra; In re Hays Builders, Inc.*, *supra.; see also Collier on Bankruptcy,* 1142.04.

In this case, the Confirmed Chapter 11 Plan specifically reserves for this Court "jurisdiction for [] determination of requests for payments of administrative expenses, including compensation of professional persons for services rendered both before and after the Effective Date" as well as "enforcement and implementation of the provisions of this Plan and entry of orders in aid of

-4-

consummation of this Plan . . . notwithstanding entry of a Final Decree." Furthermore, the Order Confirming Debtor's Plan of Reorganization states that "[a]ll payments made or promised by Debtor under the Plan or *for services or for costs and expenses in, or in connection with, the Plan and incident to the case*, have been fully disclosed to the Court and are reasonable, or, *if to be fixed after confirmation of the Plan, will be subject to the approval of the Court*."

Moreover, CGS is specifically suing to enforce this Court's Memorandum Decision on CGS's Final Fee Application and Telepath's Confirmed Chapter 11 Plan. (See Complaint attached hereto as Exhibit "A," at ¶ 8) Indeed, CGS is listed as a creditor with an "unclassified administrative claim" under TelePath's Revised Disclosure Statement, and TelePath's Confirmed Chapter 11 Plan specifies the "treatment" of such claims. (See *In re Crown Vantage, Inc.*, 421 F.3d 963, 972 (9th Cir. 2005) [actions to enforce a Plan of Reorganization is a core proceeding of the bankruptcy court]; see also *McCowan v Fraley* (*In re McCowan*) 296 BR 1 (2003, BAP9) (proceeding to enforce bankruptcy judgment or execute on it continued to be a matter that arose under the Bankruptcy Code until it was satisfied).)

In addition, numerous courts have held that a motion to reopen a closed bankruptcy case should be granted in order to determine whether a debtor can obtain additional relief. (See e.g., *In re dodge* 138 BR 602, 605 (BC ED CA 1992) [motion to reopen a closed bankruptcy case so that a debtor can obtain additional relief "should be routinely granted"]; *In re Venuto* 343 BR 120, 124 (BC ED PA 2006).) As set forth above, CGS did not apply to this Court for payment of the fees allegedly owed before the bankruptcy case closed, and its failure to do so may relieve TelePath from any obligation to pay.

Finally, this Court should adjudicate CGS's claim for attorney fees for equitable reasons and purposes of judicial economy. This Court issued the orders at issue in the Complaint and personally observed the services that allegedly gave rise to these fees. (See *In re Apex Oil Co., Inc.* 406 F.3d 538, 542 (8th Cir. 2005) (the decision to reopen a bankruptcy case should be based "on the particular circumstances and equities of each particular case).) Indeed, since the legal services were incurred in "connection with" the Plan and "incident to" the bankruptcy case, this Court should have approved all of the claimed fees in the first instance pursuant to the plain language of the Plan. (See

-5-

e.g., *Weaver v Tex. Capital Bank, N.A.,* 410 BR 453 (2009, ND Tex) (because the allegations and relief sought in complaint required interpretation of confirmed plan of reorganization in debtor's bankruptcy, the bankruptcy court had exclusive jurisdiction under the case).)

III. CONCLUSION

For all the reasons set forth above, TelePath respectfully requests that the above-captioned bankruptcy be re-opened to administer an Adversary Proceeding relating to the Complaint filed in state court by Chapter 11 counsel, Campeau Goodsell Smith, L.C. for fees allegedly incurred during the pendency of the Chapter 11 case.

DATED: APRIL 21, 2014                              BERLINER COHEN

                                                   BY:  */s/ Laura Palazzolo*
                                                        LAURA PALAZZOLO
                                                        SARA L. POLLOCK
                                                        ATTORNEYS FOR DEFENDANT TELEPATH CORP.

| | |
|---|---|
| In re Telepath Corporation | Case No. BK-03-56788 ASW |

PROOF OF SERVICE

I, Sabina Hall, declare under penalty of perjury under the laws of the United States that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On April 21, 2014, I served the following document(s):

EX PARTE APPLICATION TO REOPEN BANKRUTPCY CASE PURSUANT TO 11 U.S.C. §350(B) AND BANKRUPTCY RULE 5010; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO;

PROPOSED ORDER APPROVING APPLICATION TO RE-OPEN BANKRUPTCY CASE

in the following manner:

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, from the sending facsimile machine telephone number of _____. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☐ by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I cause the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

William J. Healy
Campeau Goodsell Smith, L.C.
440 N. 1st Street, Suite 100
San Jose, CA 95112

Nanette Dumas, Ch. 13 Trustee
P.O. Box 50013
San Jose, CA 95150-0013

Office of the U.S. Trustee
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

4816-6119-8106v1
LPALA\20138005

-1-

Case: 03-56788   Doc# 550   Filed: 04/21/14   Entered: 04/21/14 17:17:48   Page 7 of 14

# EXHIBIT A

1  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express
2  and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

3  Executed on April 21, 2014, at San Jose, California.

*/s/ Sabina Hall*
SABINA HALL

CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR
CAMPEAU GOODSELL SMITH, L.C.

(ENDORSED)
FILED
2014 MAR 20 P 1:03

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| CAMPEAU GOODSELL SMITH, L.C., a law corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TELEPATH CORPORATION; and DOES 1 through 20,<br><br>Defendants. | Case No. 114CV262437<br><br>COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT; MONEY HAD AND RECEIVED; AND QUANTUM MERIT |

Plaintiff CAMPEAU GOODSELL SMITH, L.C. for itself (hereinafter "Plaintiff" and/or "CGS") alleges as follows:

## I. PARTIES

1. Plaintiff CAMPEAU GOODSELL SMITH, L.C. for itself (hereinafter "Plaintiff" and/or "CGS") is a law corporation duly organized and existing under the laws of the State of California, authorized to and conducts business within the County of Santa Clara and State of California and maintains a principal place of business located at 440 North First St., Suite. 100, San Jose, CA 95112.

2. Plaintiff is informed and believes and thereon alleges that TELEPATH CORPORATION (hereinafter "TELEPATH", "Telepath", "Defendant", or "defendant") is a California corporation whose current business address is 49111 Milmont Dr., Fremont, CA 94538.

Pamela Nguyen is Defendant's agent for service process with an address of 512 Bradley Ave., San Jose, CA 95128. At relevant times Jo Jo Tran was Defendant's Chief Executive Officer ("CEO") and Pamela Nguyen was Defendant's President and Chief Operating Officer ("COO").

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does one through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges, that each fictitiously named Defendant is intentionally, negligently, contractually, vicariously, or in some other manner responsible for the occurrences herein alleged and that the Plaintiff's damages are proximately caused by said defendants.

## II. VENUE/JURISDICTION

5. Jurisdiction is proper pursuant to CCP §410.10.

6. This Court is the proper venue to hear this matter pursuant to CCP §§395, 395.2 and 395.5.

## III. GENERAL ALLEGATIONS

7. CGS was retained by Defendant to represent them, primarily but not exclusively in relationship to In re Telepath Corporation, U.S.B.C. (ND CA) #03-56788 ("Bankruptcy Case"). On November 12, 2008, Defendant executed an Attorney-Client Fee Contract dated October 31, 2008. On December 11, 2008 the Bankruptcy Court orally approved the employment of Plaintiff as counsel for Defendant. On January 5, 2009 the Bankruptcy Court entered an Order Granting Application to Employ Counsel (Docket#365).

8. On March 11, 2011 the Bankruptcy Court in the Bankruptcy Case issued a Memorandum Decision on Campeau Goodsell Smith Final Fee Application (Docket#486) wherein it awarded Plaintiff $38,060.97 in attorney's fees and $584.49 in costs. Plaintiff was paid, pursuant to a retainer, $20,000 leaving an outstanding balance of approximately $18,645.46 relative this outstanding balance. Said balance is part of Defendant Confirmed Chapter 11 Plan (Docket#397,

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT; MONEY HAD AND RECEIVED; AND QUANTUM MERIT
2

Case: 03-56788   Doc# 550   Filed: 04/21/14   Entered: 04/21/14 17:17:48   Page 11 of 14

March 30, 2009)[1].

9. Between approximately April 2009 and April 2012 Plaintiff provided additional legal services and advanced and/or incurred costs and expenses on behalf of and for the benefit of Defendant in various other matters, including but not limited to post confirmation matters, claim objection litigation and trial, stock sale, and contempt and conversion (generally referred to as Client Matters 4025.02-06). Plaintiff provided Defendant with detailed statements of account for legal services and costs incurred and advanced. Plaintiff's statements were sent to Defendant's address as provided by Defendant. Plaintiff maintained detailed invoices or statements showing amounts due and amounts paid between Plaintiff and Defendants; the detailed invoices or statements maintained by Plaintiff were entered in the normal course of Plaintiff's business; the invoices or statements are and were maintained in a reasonably permanent manner; these additional services and costs totaled $72,713.50 and Defendants have not paid the total sums due. Defendant last made payments on April 30, 2012.

10. As of April 30, 2012, Defendants owed Plaintiff the outstanding principal sum of $91,358.96. Statutory and contractual pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $25.03/day. As of March 19, 2014, the total amount owing, exclusive of attorneys fees and costs, is $108,579.60, consisting of $91,358.96 of principal and $17,220.64 of interest ($25.03/day x 688 days (May 1, 2012-March 19, 2014).

11. On December 29, 2011, Plaintiff sent, via U.S. Mail, Defendant a Notice of Client's Right to Arbitration pursuant to California Business and Professional Code Section 6200 et seq.

12. Intentionally Blank.

## IV. FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13. Plaintiff incorporates by reference and realleges herein paragraphs 1 through 12, inclusive.

14. By reason of the foregoing, and as direct and proximate result, Defendants, and each

---

[1] On March 19, 2013 the Bankruptcy Court in the Bankruptcy Case entered a Final Decree (Docket#549).

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT; MONEY HAD AND RECEIVED; AND QUANTUM MERIT

3

of them, have breached the agreement for which Plaintiff is entitled to damages in the principal sum of $91,358.96. Statutory and contractual pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $25.03/day. As of March 19, 2014, the total amount owing, exclusive of attorneys fees and costs, is $108,579.60, consisting of $91,358.96 of principal and $17,220.64 of interest ($25.03/day x 688 days (May 1, 2012-March 19, 2014).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## V. SECOND CAUSE OF ACTION
## ACCOUNT STATED, C.C.P. 344, et seq.

15. Plaintiff incorporates by reference and realleges herein paragraphs 1 through 14, inclusive.

16. Plaintiff has stated to Defendants in writing that they have and continue to have an account with Plaintiff in the damages in the principal sum of $91,358.96. Statutory and contractual pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $25.03/day. As of March 19, 2014, the total amount owing, exclusive of attorneys fees and costs, is $108,579.60, consisting of $91,358.96 of principal and $17,220.64 of interest ($25.03/day x 688 days (May 1, 2012-March 19, 2014).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## VI. THIRD CAUSE OF ACTION
## OPEN BOOK ACCOUNT, C.C.P. 337, et seq.

17. Plaintiff incorporates by reference and realleges herein paragraphs 1 through 16, inclusive.

18. Plaintiff and Defendants, and each of them, maintain an open book account whereby Defendant, and each of them, owe Plaintiff the damages in the principal sum of $91,358.96. Statutory and contractual pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $25.03/day. As of March 19, 2014, the total amount owing, exclusive of attorneys fees and costs, is $108,579.60, consisting of $91,358.96 of principal and $17,220.64 of interest ($25.03/day x 688 days (May 1, 2012-March 19, 2014).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## VII. FIFTH CAUSE OF ACTION
## MONEY HAD AND RECEIVED/COMMON COUNTS (QUANTUM MERUIT)

19. Plaintiff incorporates by reference and realleges herein paragraphs 1 through 18, inclusive.

20. Defendants, and each of them, are the beneficiaries and recipients, of money, and services from Plaintiff by way of wrongful means and without due consideration to Plaintiff. Defendants, and each of them, received said benefits and Plaintiff is entitled to compensation in the principal sum of $91,358.96. Statutory and contractual pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $25.03/day. As of March 19, 2014, the total amount owing, exclusive of attorneys fees and costs, is $108,579.60, consisting of $91,358.96 of principal and $17,220.64 of interest ($25.03/day x 688 days (May 1, 2012-March 19, 2014).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## VIII. PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For special or economic damages in the principal sum of $91,358.96.

2. For prejudgment interest at ten percent (10%) pursuant to Civil Code Sections 3287 & 3289 through the date of this action was commenced and at from the date of this complaint through the date of judgment (statutory pre-judgment interest accrues at 10% per annum or $9,135.90/year or approximately $225.03/day) or $17,220.64 ($25.03/day x 688 days (May 1, 2012- March 19, 2014);

3. For attorneys' fees pursuant to contract and statute Civil Code Section 1717 on all causes of action and/or 1717.5 for the Third Cause of Action;

4. For costs of suit; and

5. For such other and further relief as the court may deem just and proper.

DATED: March 19, 2014

CAMPEAU GOODSELL SMITH

By: _____
William J. Healy
Attorneys for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; OPEN BOOK ACCOUNT; MONEY HAD AND RECEIVED; AND QUANTUM MERIT

5